No. 11-70024

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

ALFRED BOURGEOIS,
*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

_____

On Appeal from the Denial of Petition for Writ of Habeas Corpus by the
United States District Court for the Southern District of Texas
(CAPITAL CASE)

_____

**APPELLANT'S UNOPPOSED MOTION FOR PERMISSION TO FILE AN
APPLICATION FOR CERTIFICATE OF APPEALABILITY AND BRIEF IN SUPPORT
EXCEEDING THE WORD LIMIT SET FORTH IN FED. R. APP. P. 32(A)(7)(B)(I)**

_____

Victor J. Abreu
Jennifer Givens
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Appellant

Pursuant to Federal Rule of Appellate Procedure 32 and 5th Circuit Local Rule 32.4, Appellant Alfred Bourgeois moves for leave to file an Application for Certificate of Appealability and Brief in Support (hereafter "COA Application and Brief") in excess of the 14,000-word limitation set forth in Federal Rule 32(a)(7)(B).

Appellant is aware that this Court's Rule 32.4 requires that requests for extra-length briefs be filed ten days in advance of the brief's due date, and Appellant respectfully requests that this Court nonetheless consider this belated motion. Appellant had every intention of filing a brief that complies with the 14,000 word limitation, however due to the factual and legal complexity of the issues addressed in his COA Application and Brief, Appellant is unable to reduce his brief to a complying length.

While Appellant winnowed his issues for appellate review down to three, two of these issues require lengthy discussions of the relevant facts. Claim II – that counsel failed to investigate and present evidence to rebut the Government's contention that Appellant sexually assaulted his daughter before her death – necessarily includes a discussion of the medical, scientific and forensic evidence regarding the significance of the presence of a protein (called p30) found on the victim's rectal swab. Additionally, Claim III – that counsel failed to investigate and present mitigating evidence – includes a comparison of the evidence presented

at trial with the evidence available to, but not presented by, counsel. This comparison and discussion is essential to demonstrating prejudice under Strickland v. Washington.

Both of these claims were the subject of a multi-day evidentiary hearing in the lower court, and the transcript of the proceedings is of considerable length, as is the ROA. Despite counsel's best efforts, Appellant was unable to present the basis for his COA request within the 14,000-word limit.

WHEREFORE, Appellant respectfully requests leave to file a 19,653 word COA Application and Brief in Support. Undersigned counsel is authorized to represent that counsel for the Government is not opposed to a COA Application and Supporting Brief containing up to 20,000 words.

As required under this Court's Rule 32.4, the proposed extra-length COA Application and Brief is being filed simultaneously.

Respectfully Submitted,

/s/ Victor J. Abreu
Victor J. Abreu
Supervising Assistant Federal Defender
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Victor_Abreu@fd.org

## Certificate of Service

I, Victor J. Abreu, hereby certify that on this 27th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Victor J. Abreu

Victor J. Abreu
Supervisory Assistant Federal Defender
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Victor_Abreu@fd.org